STATE OF MINNESOTA                         DISTRICT COURT
COUNTY OF HENNEPIN             FOURTH JUDICIAL DISTRICT
                                   CASE TYPE: Personal Injury

| | |
|---|---|
| Bilqisa Mikail Booker and Maryan Nurieni Said, | Court File No. _____ |
| Plaintiffs, | **COMPLAINT WITH JURY DEMAND** |
| vs. | |
| Hennepin County and John Does 1-10, in their individual capacities, | |
| Defendants. | |

Plaintiff Bilqisa Mikail Booker and Maryan Nurieni Said for their Complaint against Defendants Hennepin County and John Does 1-10 herein states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Bilqisa Mikail Booker is a resident of Minnesota.

2. Plaintiff Maryan Nurieni Said is a resident of Minnesota.

3. Defendant Hennepin County is a municipal corporation and was the employer of Defendants John Does 1-10 at all material times. The Hennepin County Sheriff's Office ("HCSO") is an agency of Hennepin County.

4. Defendants John Does 1-10 are, upon information and belief, residents of Minnesota. John Does 1-10 were employed by Hennepin County on or about February 7, 2026 and acted within the scope of their employment throughout.

5. This Court has jurisdiction and venue over this matter because the cause for this action arose in Hennepin County.

## GENERAL ALLEGATIONS

6. In January and February 2026, ICE agents terrorized the Twin Cities by using unlawful force and falsely arresting many Minnesota residents.

7. ICE agents killed two Minnesota citizens in a shocking manner in January 2026. The killing sparked widespread outrage and community demonstrations opposing ICE's violence.

8. On February 7, 2026, Booker and Said were near the Bishop Henry Whipple Federal Building as part of a large gathering to protest ICE's unlawful activities. Booker and Said intended to exercise their First Amendment right to object to ICE's violence.

9. While protesting, HCSO officers started charging toward the crowd that Booker and Said were in.

10. Booker and Said feared for their safety and tried to move away from the charging officers.

11. An unknown HCSO officer pushed Booker to the ground with significant force. Booker struck her head on the ground. At the time, Booker was not resisting or engaging in any other activity that justified the use of such force.

12. Said reached Booker's car. While at the car, an HCSO officer threatened to shoot Said if she opened the car door. Said complied with officers' commands.

13. An HCSO officer kicked Said to drop her to the ground.

14. Booker and Said were detained and arrested.

15. Booker and Said witnessed HCSO officers harming others around them. They also were subjected to officers mocking and disparaging the protesters.

16. Officers made disparaging and discriminatory statements to Said. For example, an officer referred to Said as "the Somali girl" instead of her name, as other subjects were identified. Officers

2

accused Said of hiding a weapon in her hijab despite no indication that a weapon was concealed. Officers demanded that Said remove her hijab or else officers would forcefully remove it.

17. Officers tightened zip ties around Booker's wrists after she asked that gloves be placed on Said. The zip ties caused numbness and tears and required medical treatment for the injuries.

18. Officers ridiculed Booker and Said for requesting medical attention and accused Booker and Said of simply being scared to go to jail.

19. Medics reviewed the situation and advocated for removing the overly tight zip ties and instead having Booker's hands tied in front of her body.

20. When Said expressed concern about being attacked at a detention center. An officer ominously responded, "We'll see."

21. Booker and Said received citations for presence at an unlawful assembly.

22. Booker and Said were charged for First Amendment protest, and the charges were issued without probable cause.

23. John Does 1-10 are unknown officers employed by HCSO that participated in the unlawful force, arrest, and charging of Booker and Said.

24. Booker suffered a concussion due to officers' actions. Booker and Said suffered emotional distress due to the officers' actions.

25. As a result of these incidents, Booker and Said have been harmed in an amount to be proven at trial, which is expected to exceed $50,000.

**COUNT 1: ASSAULT AND BATTERY**
*All Defendants*

26. The allegations in paragraphs 1-25 are restated and incorporated as though fully set forth herein.

27. John Does 1-10 expressed unlawful threats of violence toward Booker and Said with the ability to carry out said threats.

28. John Does 1-10 engaged un unlawful physical contact with Booker and Said that resulted in physical pain and injury.

29. John Does 1-10 undertook these actions in the course of their employment as HCSO officers.

30. The plaintiffs suffered physical pain and injury and emotional distress due to the officers' actions.

31. As a direct and proximate result of the acts of the defendants, the plaintiffs suffered injuries and other harms that entitle them to damages in an amount exceeding $50,000.

32. Defendant Hennepin County is vicariously liable due to the actions of its officers under the doctrine of respondeat superior and agency liability.

### COUNT 2: FALSE ARREST
#### All Defendants

33. The allegations in paragraphs 1-25 are restated and incorporated as though fully set forth herein.

34. John Does 1-10 arrested the plaintiffs without probable cause.

35. An arrest without probable cause is not legally justified and was conducted in malicious violation of the plaintiffs' rights.

36. The plaintiffs suffered deprivation of liberty and emotional distress due to the unlawful arrests.

37. As a direct and proximate result of the acts of the defendants, the plaintiffs suffered injuries and other harms that entitle them to damages in an amount exceeding $50,000.

4

38. Defendant Hennepin County is vicariously liable due to the actions of its officers under the doctrine of respondeat superior and agency liability.

### COUNT 3: VIOLATION OF 42 U.S.C § 1983 – EXCESSIVE FORCE AND UNREASONABLE SEIZURE
*Defendants John Does 1-10*

39. The allegations in paragraphs 1-25 are restated and incorporated as though fully set forth herein.

40. Defendants John Does 1-10 used excessive force and engaged in unreasonable seizure against the plaintiffs in violation of the plaintiffs' Fourth and Fourteenth Amendment rights.

41. The defendants acted under color of law when they used excessive force.

42. The defendants violated constitutional rights that were clearly established at the time that force was used.

43. The defendants violated the plaintiffs' constitutional rights in a malicious and willful manner in disregard to the plaintiffs' rights.

44. As a direct and proximate result of the acts of the defendants, the plaintiffs suffered injuries and other harms that entitle them to damages in an amount exceeding $50,000.

45. The plaintiffs are entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

### COUNT 4: VIOLATION OF 42 U.S.C § 1983 – UNLAWFUL ARREST
*Defendants John Does 1-10*

46. The allegations in paragraphs 1-25 are restated and incorporated as though fully set forth herein.

47. Defendants John Does 1-10 detained and arrested the plaintiffs without probable cause in violation of the plaintiffs' Fourth and Fourteenth Amendment rights.

48. The defendants acted under color of law when they arrested the plaintiffs.

49. The defendants violated constitutional rights that were clearly established at the time that force was used.

50. The defendants violated the plaintiffs' constitutional rights in a malicious and willful manner in disregard to the plaintiffs' rights.

51. As a direct and proximate result of the acts of the defendants, the plaintiffs suffered injuries and other harms that entitle them to damages in an amount exceeding $50,000.

52. The plaintiffs are entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs prays for a judgment against the Defendants as follows:

1.      For greater than fifty thousand dollars ($50,000.00) in money damages jointly and severally against the defendants for the damages arising from the claims asserted.

2.      For applicable costs and disbursements, prejudgment interest, and attorney's fees pursuant to 42 U.S.C. § 1988.

3.      For such other and further relief as the Court deems just and equitable.

**The Plaintiffs hereby demand a jury trial.**

Dated: May 27, 2026

**LAW OFFICE OF ERIC A. RICE, LLC**

By: _____

Eric A. Rice, ID: 0388861
1 W. Water St., Ste. 275
St. Paul, MN 55107
Phone: (651) 998-9660
Fax: (651) 344-0763
Email: eric@ricedefense.com

**KIEFFER LAW LLC**

Shauna F. Kieffer
Attorney ID # 0389362
310 South 4th Ave. Suite 1050
Minneapolis, MN 55415
(612) 418-3398

ATTORNEYS FOR PLAINTIFF

**Minn. Stat. § 549.211 Acknowledgement**

The party or parties on whose behalf the attached pleading, motion, or paper is served acknowledge through their undersigned counsel that sanctions may be imposed pursuant to Minn. Stat. § 549.211.

Dated: May 27, 2026

**LAW OFFICE OF ERIC A. RICE, LLC**

By: _____
Eric A. Rice, ID: 0388861
1 W. Water St., Ste. 275
St. Paul, MN 55107
Phone: (651) 998-9660
Fax: (651) 344-0763
Email: eric@ricedefense.com

**KIEFFER LAW LLC**

Shauna F. Kieffer
Attorney ID # 0389362
310 South 4th Ave. Suite 1050
Minneapolis, MN 55415
(612) 418-3398

ATTORNEYS FOR PLAINTIFF